1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

11 KELLI EWEN, Individually, and as
Personal Representative of the Estate
of TODD EWEN, Deceased,

12

13 Plaintiff,

14 v.

15 NATIONAL HOCKEY LEAGUE, et
al.,

16 Defendants.

Case No. 2:19-cv-03656-FMO-GJS

STIPULATED PROTECTIVE
ORDER[1]

17 1. <u>A. PURPOSES AND LIMITATIONS</u>

18   Discovery in this action is likely to involve production of confidential,

19 proprietary or private information for which special protection from public

20 disclosure and from use for any purpose other than prosecuting this litigation may

21 be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

22 enter the following Stipulated Protective Order. The parties acknowledge that this

23 Order does not confer blanket protections on all disclosures or responses to

24 discovery and that the protection it affords from public disclosure and use extends

25

26

27

28

---

[1] This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Gail J. Standish's Procedures.

1   only to the limited information or items that are entitled to confidential treatment
2   under the applicable legal principles.

3   B. GOOD CAUSE STATEMENT

4   This action is likely to involve confidential financial, commercial and
5   Protected Health Information ("PHI"), as well as valuable competitively sensitive
6   and/or proprietary information for which special protection from public disclosure
7   and from use for any purpose other than prosecution of this action is warranted.
8   Such confidential and proprietary materials and information consist of, among other
9   things, confidential business, financial and commercial information, information
10  regarding confidential business practices, information implicating the privacy rights
11  of third parties, information regarding PHI of certain individuals, information
12  otherwise generally unavailable to the public, or which may be privileged or
13  otherwise protected from disclosure under state or federal statutes, court rules, case
14  decisions, or common law.  Accordingly, to expedite the flow of information, to
15  facilitate the prompt resolution of disputes over confidentiality of discovery
16  materials, to adequately protect information the parties are entitled to keep
17  confidential, to ensure that the parties are permitted reasonable necessary uses of
18  such material in preparation for and in the conduct of trial, to address their handling
19  at the end of the litigation, and serve the ends of justice, a protective order for such
20  information is justified in this matter.  It is the intent of the parties that information
21  will not be designated as confidential for tactical reasons and that nothing be so
22  designated without a good faith belief that it has been maintained in a confidential,
23  non-public manner, and there is good cause why it should not be part of the public
24  record of this case.

25  C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

26  The parties further acknowledge, as set forth in Section 12.3, below, that this
27  Stipulated Protective Order does not entitle them to file confidential information

28  2

under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as a "PROTECTED DOCUMENT," "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY," or "PROTECTED DOCUMENT – PHI CONFIDENTIAL" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

3

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    <u>DEFINITIONS</u>

2.1    <u>Actions</u>:  *Ewen v. NHL*, 2:19-cv-03656; *Carcillo v. NHL*, 19-cv-6156 (N.D. Ill.); *Montador v. NHL*, 15-cv-10989 (N.D. Ill.).

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"PROTECTED DOCUMENT"</u>:  information (regardless of how it is generated, stored or maintained) under the standards developed under Rule 26 of the Federal Rules of Civil Procedure, or other applicable laws or rules related to financial, trade secret, confidential, proprietary, commercially, or competitively sensitive information, or information protected under privacy laws, including information protected under the Health Insurance Portability and Accountability Act ("HIPAA"), and as specified above in the Good Cause Statement.

2.4    <u>"PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY"</u>:  refers to a "PROTECTED DOCUMENT" that includes information that the Producing Party believes in good faith contains such highly confidential information that its disclosure would cause serious competitive, reputational, or privacy harm.

2.5    <u>"PROTECTED DOCUMENT – PHI CONFIDENTIAL"</u>:  refers to a "PROTECTED DOCUMENT" that that includes without limitation any document or information supplied in any form, or any portion thereof, that identifies an individual in any manner and relates to the past, present, or future care, services, or

4

supplies regarding the physical or mental health or condition of such individual, the provision of health care to such individual, or the payment for the provision of health care to such individual. "PHI CONFIDENTIAL" material also include without limitation "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to HIPAA, including prescriptions, prescription notes, prescription records, prescription drug event reports, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, requests, summaries, or oral communications.

2.6     Counsel:  Outside Counsel of Record, Non-Party Counsel and House Counsel (as well as their support staff).

2.7     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "PROTECTED DOCUMENT," "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY," or "PROTECTED DOCUMENT – PHI CONFIDENTIAL."

2.8     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Actions.

2.10   House Counsel:  attorneys who are employees of a party to the Actions. House Counsel does not include Outside Counsel of Record or any other outside Counsel.

2.11   Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to the Actions.

2.12   Outside Counsel of Record:  attorneys who are not employees of a party to the Actions but are retained to represent or advise a party to the Actions and have appeared in the Actions on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.13   Party:  any party to the Actions, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in the Actions.

2.15   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material:  any Disclosure or Discovery Material that is designated as "PROTECTED DOCUMENT," "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY," or "PROTECTED DOCUMENT – PHI CONFIDENTIAL."

2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  This

Protective Order is binding upon the parties and their Counsel, and any Non-Party party who supplies or receives discovery or information of any kind related to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Protective Order.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

FINAL DISPOSITION of the action is defined as (a) termination of the Actions, whether by judgment, settlement or otherwise; or (b) the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run. Except as set forth below, the terms of this Protective Order apply through FINAL DISPOSITION of the action. The parties may stipulate that the they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as Protected Material or maintained pursuant to this Protective Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this Protective Order do not extend beyond the commencement of the trial.

5.    DESIGNATING PROTECTED MATERIAL

     5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
Each Party or Non-Party that designates information or items for protection under
this Order must take care to limit any such designation to specific material that
qualifies under the appropriate standards.  The Designating Party must designate for
protection only those parts of material, documents, items or oral or written
communications that qualify so that other portions of the material, documents, items
or communications for which protection is not warranted are not swept unjustifiably
within the ambit of this Order.

     Mass, indiscriminate or routinized designations are prohibited.  Designations
that are shown to be clearly unjustified or that have been made for an improper
purpose (e.g., to unnecessarily encumber the case development process or to impose
unnecessary expenses and burdens on other parties) may expose the Designating
Party to sanctions.

     If it comes to a Designating Party's attention that information or items that it
designated for protection do not qualify for protection, that Designating Party must
promptly notify all other Parties that it is withdrawing the inapplicable designation.

     5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
this Order (*see*, e.g., second paragraph of Section 5.2(a) below), or as otherwise
stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
under this Order must be clearly so designated before the material is disclosed or
produced.

     Designation in conformity with this Order requires:

     (a)  for information in documentary form (e.g., paper or electronic
documents, but excluding transcripts of depositions or other pretrial or trial
proceedings), that the Producing Party affix at a minimum, the legend
"PROTECTED DOCUMENT," "PROTECTED DOCUMENT – ATTORNEYS'

8

EYES ONLY," or "PROTECTED DOCUMENT – PHI CONFIDENTIAL"(hereinafter "PROTECTED legend"), to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "PROTECTED legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony or within thirty (30) days of receiving the transcript.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "PROTECTED."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Designation Not an Admission</u>.  Any document or information designated as Protected Material under this Protective Order shall not be construed as an admission or an agreement by any party that any document, material or information, or any portion thereof, is relevant or admissible at trial.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Challenge Timing and Procedure</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and shall give the Producing Party notice in writing (a letter to lead Counsel for plaintiff and defendants and Counsel for any Non-Party whose designation is disputed delivered by email shall be sufficient) including the listing of any such document(s) or the bates ranges for the document(s), or the specific testimony with line and page numbers of the transcripts, and shall provide a brief explanation of the basis for contesting the designation of each document or testimony contested (the "Notice").  If the same document in the Notice appears in the production at other bates numbers, the Notice shall be deemed to be sufficient for all such documents.  The Notice shall be sufficient if it identifies each document or testimony being challenged and states the basis for each challenge.  If the parties cannot agree to the designation of a document or testimony within thirty (30) days of the Producing Party's receipt of the Notice, any party to this agreement may challenge the propriety of the designation of any document or testimony as

Protected Material by motion to the Court, with written notice to all parties. Pending a Court determination, no document designated as Protected Material under this Protective Order shall be disseminated other than as provided by this Order unless otherwise ordered by the Court or as stipulated by defendant and plaintiff.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the Actions only for prosecuting, defending or attempting to settle the Actions, and shall not be used for any business or competitive purpose, or for any other purposes whatsoever.  Such Protected Material may be disclosed only to the categories of persons, and under the conditions described in this Order.  No person who examines any item that is protected by this Protective Order shall disseminate orally, or by any other means, any protected information other than as permitted by this Order.  When the Actions have been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Any persons having access to material or information subject to this Protective Order, including consultants and experts, are permitted to make copies, extracts, summaries, or descriptions of the material or information or any portion thereof as necessary for the preparation and trial of any case in the Actions.

Before being given access to any Protected Material, each person described in Sections 7.2(c), (f) and (h), below, shall be advised of the terms of this Agreement, shall be given a copy of this Agreement, and shall agree in writing to be bound by its terms by executing the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The executed Exhibit A shall be retained by Counsel for the Receiving Party, with a copy provided to Counsel for the Producing Party upon request. At the conclusion of the Actions, Counsel for the Receiving Party shall confirm in writing with Counsel for the Producing Party that it will seek to have any designated documents that were provided to experts under subsection (c) of paragraph 7.2 returned to Counsel for the Receiving Party or destroyed.

7.2     <u>Disclosure of "PROTECTED" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "PROTECTED DOCUMENT" only to:

(a)  the Receiving Party's House Counsel or Outside Counsel of Record in the Actions, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Actions;

(b)  the Receiving Party, or officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for the Actions;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Actions provided the Receiving Party

requests that the Experts sign the form attached as Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the court;

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Actions provided the Receiving Party requests that they sign the form attached as Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the court;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Actions to whom disclosure is reasonably necessary provided the deposing party requests that the witness sign the form attached as Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "PROTECTED – FOR ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party shall not disclose any information or item designated "PROTECTED DOCUMENT – FOR ATTORNEYS' EYES ONLY" to any other person or entity, except that disclosure may be made consistent with subsections (a), (c), (d), (e), (f), (g), (h), and (i) of Section 7.2 above.

7.4    Disclosure of "PROTECTED – PHI CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

13

Designating Party, a Receiving Party shall not disclose any information or item designated "PROTECTED DOCUMENT – PHI CONFIDENTIAL" to any other person or entity, except that disclosure may be made consistent with subsections (a), (c), (d), (e), (f), (g), (h), and (i), of Section 7.2 above.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in the Actions as Protected Material, that Party must:

(a)  promptly notify the Designating Party in writing via email and overnight delivery (sent within 48 hours of receipt of the subpoena or other process) of all of the following: (1) any document(s) or information designated as Protected Material that is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued.  In no event shall a designated document be produced prior to the expiration of fifteen (15) days following transmission of written notice to Counsel for the Producing Party unless required to do so by the subpoena seeking the documents or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be

14

pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in the Actions as Protected Materials before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Actions to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in the Actions and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in the Actions, the relevant discovery request(s), and a reasonably specific description of the information requested; and

15

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Inadvertent production of any privileged material or Protected Material will not be deemed to waive a later claim to its confidential nature or preclude a party from designating said document or information as Protected Material pursuant to this Order at a later date.  Any party may designate as Protected Material or

withdraw such designation from any material that it has produced; provided, however, that such re-designation shall be effective only as of the date of such re-designation. A party must treat such documents and things with the noticed level of protection from the date such notice is received. Such re-designation shall be accomplished by notifying Counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate description. Upon receipt of any re-designation and replacement image that designates material as Protected Material, all Parties shall: (1) treat such material in accordance with this Order; (2) take reasonable steps to notify any persons known to have possession of any such material of such re-designation under this Protective Order; and (3) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order.

12.    MISCELLANEOUS

    12.1    Right to Modification. Any Party, for good cause shown, may apply to the Court for modification of this Protective Order, or the Protective Order may be modified by consent of plaintiff and defendant in writing. This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this litigation, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

    12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 <u>Qualified Protective Order</u>. The parties agree that this Protective Order will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e).

13. <u>FINAL DISPOSITION</u>

After the final disposition of the Actions, as defined in Section 4, upon written request from Counsel for the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

18

materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  November 6, 2019


*/s/ Caleb Marker*
Caleb Marker (SBN 269721)
Christopher P. Ridout (SBN 143931)
ZIMMERMAN REED, LLP
2381 Rosecrans Avenue, Suite 328
Manhattan Beach, CA 90245
(877) 500-8780 Telephone
(877) 500-8781 Facsimile
Caleb.marker@zimmreed.com
Christopher.ridout@zimmreed.com


Brian C. Gudmundson (admitted *pro hac vice*)
Michael J. Laird (admitted *pro hac vice*)
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 341-0400 Telephone
(612) 341-0844 Facsimile
Brian.gudmundson@zimmreed.com
Michael.laird@zimmreed.com


William T. Gibbs (admitted *pro hac vice*)
CORBOY & DEMETRIO, P.C.

19

33 N. Dearborn St., Suite 2100
Chicago, IL 60602
(312) 346-3191 Telephone
(312) 346-5562 Facsimile
wtg@corboydemetrio.com

Mark M. O'Mara (admitted *pro hac vice*)
O'MARA LAW GROUP
221 NE Ivanhoe Blvd., Suite 200
Orlando, FL 32804
Telephone: (407) 898-5151
Facsimile: (407) 898-2468
mark@omaralawgroup.com

Attorneys for Plaintiff
Kelli Ewen, Individually,
and as Personal Representative
of the Estate of TODD EWEN, Deceased,

DATED:  November 6, 2019

*/s/ Jack P. DiCanio*
Jack P. DiCanio (SBN 138782)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
jack.dicanio@skadden.com

John H. Beisner (SBN 81571)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005-2111
Telephone:  (202) 371-7000
john.beisner@skadden.com

20

Shepard Goldfein (admitted *pro hac vice*)
Matthew M. Martino (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036-6522
Telephone:  (212) 735-3000
shepard.goldfein@skadden.com
matthew.martino@skadden.com

Joseph Baumgarten (admitted *pro hac vice*)
Adam M. Lupion (admitted *pro hac vice*)
ANDREW A. SMITH (SBN 275316)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York  10036-8299
Telephone: (212) 969-3000
jbaumgarten@proskauer.com
alupion@proskauer.com

Attorneys for Defendants
NATIONAL HOCKEY LEAGUE,
NHL ENTERPRISES, LP AND
NATIONAL HOCKEY LEAGUE BOARD
OF GOVERNORS

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  December 2, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

21

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on November 6, 2019 in the case of _____ *Ewen v. NHL*, No. 2:19-cv-

03656-FMO-GJS.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____