UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:19-cv-03656-SB-GJS | Date: | February 5, 2021 |

Title:  **Kelli Ewen v. National Hockey League, et al.**

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **ORDER ALLOWING MAGISTRATE JUDGE STANDISH TO RESOLVE ONGOING DISCOVERY DISPUTE**

The parties are before the Court on Defendants' motion seeking to allow Magistrate Judge Standish to resolve a discovery dispute about text messages that may have been exchanged between Plaintiff and her husband (Decedent).

At the hearing on Defendants' motion to compel, Magistrate Judge Standish acknowledged that she might not be able to fully resolve the dispute because less than two weeks remained before the close of discovery. Nevertheless, Magistrate Judge Standish expressed her willingness to work with the parties to resolve the dispute beyond the discovery cutoff, if permitted. Dkt. No. 126 at 28:14-18 ("If there's an issue that you want to present to me, draft yourselves a joint agreement to have the Magistrate judge retain jurisdiction long enough to look at a specific issue and ask Judge Blumenfeld for that"); *id.* at 29:12-14 ("you have my leave to say, Judge Standish has expressed the willingness to continue to deal with this issue.").

Though the fact discovery deadline was December 15, 2020 (Dkt. No. 106), the Court finds good cause for the requested modification to the case management order (CMO) and **GRANTS** Defendants' motion.

## DISCUSSION

Rule 16(b)(4) allows a schedule to be modified for good cause and with the judge's consent. District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In considering whether to reopen discovery after the deadline has passed, the Ninth Circuit directs judges to consider: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

These six factors generally weigh in favor of granting Defendants' request. Trial is not imminent, being more than half a year away. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 2015 WL 4162485, at *3 (C.D. Cal. July 8, 2015) (trial five months away was not imminent). Though Plaintiff opposes Defendants' request, Plaintiff will not be prejudiced by the relief sought. The scope of the CMO modification is narrow, focused on a dispute before Magistrate Judge Standish. Plaintiff's claim of prejudice is misguided. Plaintiff expresses concern about the potential discovery of privileged, private, or otherwise irrelevant information. No such prejudice, however, will result from modifying the CMO to allow Magistrate Judge Standish to resolve the dispute. As Plaintiff acknowledges, the motion before this Court is "procedural in nature." Dkt. No. 136 at 3. And while Plaintiff suggests that this modification will inevitably require other deadlines to be pushed back, Defendants do "not seek to extend any deadlines in the schedule" and "Judge Standish can adjudicate the Parties' limited dispute while other phases of the case proceed." Dkt. No. 145 at 2. The final three factors—diligence, foreseeability, and likelihood that additional discovery will lead to relevant evidence—favor Defendants, as is evident from Defendants' motion. *See* Dkt. No. 129 at 5-14 (detailing Defendants' discovery efforts and Plaintiff's responses from August 28, 2019 to December 28, 2020). Defendants have been diligent in seeking these communications and received new information with only days remaining in the discovery period. If Magistrate Judge Standish concludes that further discovery is warranted, it is likely to lead to relevant evidence.

## **CONCLUSION**

The Court determines that there is good cause to **GRANT** Defendants' requested modification.  Magistrate Judge Standish may finish adjudicating the discovery dispute over Plaintiff's production of text messages and make all appropriate discovery orders necessary for, or resulting from, such adjudication.  Should Magistrate Judge Standish order further production, she may allow Defendants' forensic expert to submit a supplemental expert report addressing the resulting discovery (or take whatever other related action she believes is appropriate).

**IT IS SO ORDERED.**