JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Attorneys for Defendants*
NATIONAL HOCKEY LEAGUE,
NHL ENTERPRISES, LP AND
NATIONAL HOCKEY LEAGUE BOARD OF GOVERNORS

*[Additional Counsel Listed in Signature Block]*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELLI EWEN, Individually, and as Personal Representative of the Estate of TODD EWEN, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL HOCKEY LEAGUE, et al.,<br><br>Defendants. | CASE NO.: 2:19-cv-03656 FMO (GJSx)<br><br>**NOTICE OF JOINT MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR RELIEF FROM ORDER SETTING SUMMARY JUDGMENT REQUIREMENTS**<br><br>Date: March 19, 2021<br>Time: 8:30 AM<br>Courtroom: 6C<br>Judge:  Hon. Stanley Blumenfeld Jr. |

**JOINT MOTION FOR RELIEF**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 19, 2021, or as soon thereafter as the matter may be heard before the Honorable Stanley Blumenfeld Jr. in Courtroom 6C of the above-entitled Court, located at First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendants National Hockey League, NHL Enterprises, LP, and the National Hockey League Board of Governors and Plaintiff will jointly move the Court for relief from the Judge Olguin's Order Re: Summary Judgment Motions (ECF No. 40).

This joint motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Matthew Martino, any oral argument heard by the Court, and such other matters as the Court may consider.

/s/ Brian C. Gudmundson
ZIMMERMAN REED LLP
Brian C. Gudmundson (pro hac vice)
brian.gudmundson@zimmreed.com
Michael J. Laird (pro hac vice)
michael.laird@zimmreed.com
80 S 8th Street, Suite 1100
Minneapolis, MN 55402
Tel (612) 341-0400
Fax (612) 341-0844

ZIMMERMAN REED LLP
Christopher P. Ridout (SBN 143931)
christopher.ridout@zimmreed.com
2381 Rosecrans Ave., Suite 328
Manhattan Beach, CA 90245
Tel (877) 500-8780
Fax (877) 500-8781

O'MARA LAW GROUP
Mark M. O'Mara (pro hac vice)
mark@omaralawgroup.com
221 NE Ivanhoe Blvd., Suite 200
Orlando, FL 32804
Tel (407) 898-5151

/s/Jack P. DiCanio
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JOHN H. BEISNER (SBN 81571)
john.beisner@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7000

SHEPARD GOLDFEIN
(admitted *pro hac vice*)
shepard.goldfein@skadden.com
MATTHEW M. MARTINO
(admitted *pro hac vice*)
matthew.martino@skadden.com
MICHAEL H. MENITOVE
(admitted *pro hac vice*)

i
JOINT MOTION FOR RELIEF

| | | |
|---|---|---|
| 1 | Fax (407) 898-2468 | michael.menitove@skadden.com |
| 2 | Attorneys for Plaintiff<br>KELLI EWEN | SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Manhattan West |
| 3 | | New York, New York 10001<br>Telephone: (212) 735-3000 |
| 4 | | |
| 5 | | JOSEPH BAUMGARTEN<br>(admitted *pro hac vice*)<br>jbaumgarten@proskauer.com |
| 6 | | ADAM M. LUPION (admitted *pro hac vice*) |
| 7 | | alupion@proskauer.com<br>PROSKAUER ROSE LLP |
| 8 | | Eleven Times Square<br>New York, New York 10036-8299 |
| 9 | | Telephone: (212) 969-3000 |
| 10 | | Attorneys for Defendants<br>NATIONAL HOCKEY LEAGUE, |
| 11 | | NHL ENTERPRISES, LP AND<br>NATIONAL HOCKEY |
| 12 | | LEAGUE BOARD OF<br>GOVERNORS |

ii
**JOINT MOTION FOR RELIEF**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, the National Hockey League, NHL Enterprises, LP, and the National Hockey League Board of Governors (collectively, "Defendants" or the "NHL") and Plaintiff Kelli Ewen (together with Defendants, the "Parties"), jointly move for relief from Judge Olguin's Order Re: Summary Judgment Motions (ECF No. 40) ("Summary Judgment Order") as incorporated into the Court's October 13, 2020 Order on Joint Motion to Extend Discovery and Case Management Deadlines (ECF No. 106) ("Discovery Order"), and ask the Court to vacate the Summary Judgment Order and order the briefing schedule set forth below, or, in the alternative, to modify the Summary Judgment Order to require initial disclosure of the moving party's portion of the joint brief on March 26, 2021.

Relief from an order setting a briefing schedule is warranted upon a showing of good cause. *See Griffin v. Johnson*, No. 13-cv-01599-LJO-BAM(PC), 2017 WL 1207883, at *1 (E.D. Cal. Mar. 3, 2017) (finding "good cause to modify the briefing schedule in this matter"); *Californians for Alternatives to Toxics v. U.S. Fish & Wildlife Serv.*, No. 10-cv-1477-FCD-CMK, 2011 WL 838957, at *4 (E.D. Cal. Mar. 3, 2011) (same). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In addition, good cause is supported when the requested relief will facilitate efficient case management. *See C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009) (finding good cause when the requested relief imposed "no meaningful case management issues nor has it infringed on the efficient adjudication of the action").

Here, there is good cause for the Parties' requested relief because expert discovery is ongoing and will continue until the current February 26 expert discovery deadline, and the Summary Judgment Order would result in critical expert discovery occurring after much of the summary judgment briefing process must be completed.

Such a result has become extremely onerous and impracticable given the extensive number of experts and the need to use the entire expert period allotted under the case management order.  The Summary Judgment Order requires the Parties to meet and confer regarding summary judgment arguments 35 days in advance of filing a joint brief on March 26, 2021, the due date set forth in the Discovery Order.  (*See* ECF Nos. 40, 106.)  Seven days after that meet-and-confer, either party wishing to move for summary judgment must send its portion of the joint brief to the opposing party.  (ECF No. 40.)  As a result, the Parties are obligated to meet-and-confer by February 19—one week prior to the close of expert discovery—and the moving party must provide its portion of the summary judgment brief to opposing counsel by February 26—the same day that expert discovery closes.

While the Parties have diligently engaged in expert discovery throughout the scheduled period, expert discovery in the case has been extensive as set forth in greater detail in the Declaration of Matthew Martino ("Martino Decl.").  On December 28, 2020, Plaintiffs disclosed and submitted reports from six experts, and Defendants also disclosed and submitted reports from six experts.  (*Id.* ¶ 1.)  Several of the Parties' experts had lengthy reliance lists and/or relied on modeling that required the production and review of numerous documents and underlying data and video files.  (*Id.* ¶¶ 2, 4, 7, 8, 12 ,14.)  Amended reports for two of Plaintiffs' experts were served on January 14 and 15.  (*Id.* ¶¶ 5-6.)  The parties met and conferred extensively via phone and over email regarding the scope and timing of production of experts' reliance materials and deposition scheduling, including on the following dates: January 5, January 18, January 22, January 25, January 28, January 29, February 1, February 8, and February 16.  (*Id.* ¶¶ 3, 8, 9, 12, 14-18, 23.)  On February 2, 2021, Plaintiff served one rebuttal report, and Defendants served five rebuttal reports.  (*Id.* ¶ 19.)  On February 3, Defendants served an amended expert rebuttal report.  (*Id.* ¶ 20.)  Depositions were promptly scheduled following these

disclosures and were conducted on January 19, January 20, and January 25. (*Id.* ¶¶ 10, 11, 13.)

Expert discovery will also continue over at least the next two weeks. Defendants are deposing one of Plaintiff's experts this week, on February 18, after which Defendants will prepare and serve rebuttal reports. (*Id.* ¶ 24.) And Defendants are deposing another one of Plaintiff's rebuttal experts on February 23. (*Id.* ¶ 25.) Moreover, there is an outstanding dispute between the Parties as to whether the NHL is entitled to depositions of two other experts disclosed by Plaintiff who submitted the same expert reports they submitted in the prior multi-district litigation against the NHL regarding concussions and whom Defendants previously deposed on those reports. (*Id.* ¶¶ 21-23.)

This extensive (and ongoing) expert discovery will be central to the Parties' summary judgment arguments, including through *Daubert* motions pertaining to certain experts. As a result, the Parties believe the current briefing schedule is unworkable because it will result in significant overlap between expert discovery and summary judgment briefing. The Parties reached this conclusion during a meet-and-confer-on February 16 and promptly brought the present motion. The Parties request that they be permitted to brief summary judgment motions pursuant to a more typical schedule and procedure that will allow for the completion of expert discovery prior to extensive work on summary judgment arguments. Specifically, the Parties propose the following summary judgment briefing schedule:

| Event | Date |
|---|---|
| Motion for Summary Judgment and Memorandum in Support Filed | March 26, 2021 |
| Opposition to Motion for Summary Judgment Filed | April 16, 2021 |
| Reply in Support of Motion for Summary Judgment Filed | April 23, 2021 |

3
**JOINT MOTION FOR RELIEF**

No other dates or deadline in the Discovery Order would be impacted by this proposed briefing scheduled.

In the alternative, if the Court prefers to maintain the joint briefing procedure, the Parties request that the Court modify the Summary Judgment Order to require the moving party to share its portion of the joint brief on March 26, 2021 and file the completed joint summary judgment briefing before April 23, 2021.

Date: February 18, 2021                                    Respectfully submitted,

| /s/  Brian C. Gudmundson | /s/  Jack P. DiCanio |
|---|---|
| Brian C. Gudmundson (pro hac vice)<br>brian.gudmundson@zimmreed.com<br>Michael J. Laird (pro hac vice)<br>michael.laird@zimmreed.com<br>ZIMMERMAN REED LLP<br>80 S 8th Street, Suite 1100<br>Minneapolis, MN 55402<br>Tel (612) 341-0400<br>Fax (612) 341-0844<br><br>Christopher P. Ridout (SBN 143931)<br>christopher.ridout@zimmreed.com<br>ZIMMERMAN REED LLP<br>2381 Rosecrans Ave., Suite 328<br>Manhattan Beach, CA 90245<br>Tel (877) 500-8780<br>Fax (877) 500-8781<br><br>Mark M. O'Mara (pro hac vice)<br>mark@omaralawgroup.com<br>O'MARA LAW GROUP<br>221 NE Ivanhoe Blvd., Suite 200<br>Orlando, FL 32804<br>Tel (407) 898-5151<br>Fax (407) 898-2468<br><br>Attorneys for Plaintiff<br>KELLI EWEN | JACK P. DICANIO (SBN 138782)<br>jack.dicanio@skadden.com<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071<br>Telephone: (213) 687-5000<br>Facsimile: (213) 687-5600<br><br>JOHN H. BEISNER (SBN 81571)<br>john.beisner@skadden.com<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C.  20005-2111<br>Telephone:  (202) 371-7000<br><br>SHEPARD GOLDFEIN (admitted *pro hac vice*)<br>shepard.goldfein@skadden.com<br>MATTHEW M. MARTINO (admitted *pro hac vice*)<br>matthew.martino@skadden.com<br>MICHAEL H. MENITOVE (admitted *pro hac vice*)<br>michael.menitove@skadden.com<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>Telephone:  (212) 735-3000<br><br>JOSEPH BAUMGARTEN (admitted *pro hac vice*) |

4
**JOINT MOTION FOR RELIEF**

jbaumgarten@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000

Attorneys for Defendants
NATIONAL HOCKEY LEAGUE,
NHL ENTERPRISES, LP AND
NATIONAL HOCKEY LEAGUE
BOARD OF GOVERNORS

## ATTORNEY ATTESTATION

I, Jack P. DiCanio, am the ECF User whose ID and password are being used to file the Joint Motion to Extend Discovery and Case Management Deadlines. In compliance with C.D. Cal. L.R. 5-4.3.4(a)(2)(i), I hereby attest that the concurrence in the filing of the document has been obtained from the other signatory.

s/ *Jack P. DiCanio*
Jack P. DiCanio
Attorney for Defendants